UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL F. GIBSON,

     Plaintiff,

v.                                 CASE NO.: 8:11-cv-1302-T-23TBM

CHASE HOME FINANCE, LLC, et al.,

     Defendants.

_____/

## **ORDER**

In his second amended complaint (Doc. 75), Paul F. Gibson, for both himself and a putative class, sues Chase Home Finance and JPMorgan Chase Bank (this order discusses the defendants together, as "Chase") for breach of contract, for breach of the duty of good faith and fair dealing, for unjust enrichment, for conversion, and for violation of the Florida Deceptive and Unfair Trade Practices Act. Chase moves (Doc. 79) to dismiss.

Gibson's previous complaint (Doc. 34) alleges that Chase breached Gibson's condominium mortgage and violated an anti-tying law and other laws by repeatedly placing on Gibson's condominium unit a flood insurance policy greater than a coverage requirement in the National Flood Insurance Act. The NFIA, however, lacks a bar on excess flood insurance; as described by Gibson, the flood insurance

force-placed by Chase lacks the features of an unlawful tie; and the previous

complaint lacks cogency and fails to state a claim.  (Doc. 71)  Switching theories,

Gibson alleges in the second amended complaint that Chase breached Gibson's

mortgage and violated several laws by receiving some of the money Gibson paid for

force-placed flood insurance.  That is, Gibson accuses Chase of accepting kickbacks

from the company Chase hires to provide flood insurance.

Under Gibson's mortgage, Chase may require Gibson to purchase flood

insurance for his condominium unit "in the amounts . . . and for the periods that

[Chase] requires."  (Doc. 71 at 3)  If Gibson fails to purchase sufficient flood

insurance, Chase may obtain the flood insurance at Gibson's expense.  The mortgage

warns Gibson that "the cost of insurance coverage so obtained might significantly

exceed the cost of insurance that [Gibson] could have obtained."

Like the previous complaint, the second amended complaint alleges that Chase

repeatedly charged Gibson's escrow account for force-placed flood insurance on

Gibson's condominium unit.  Unlike the previous complaint, the second amended

complaint never states that Chase cancelled each charge.  In the second amended

complaint, Chase unambiguously charges Gibson for flood insurance but Chase

never unambiguously removes each charge.  Instead, Chase sends "form letters"

merely "stating" the "reversal" of a charge.  The second amended complaint leaves

the impression that a charge against Gibson for force-placed flood insurance remains.

A perfect awareness that Chase charged his escrow account notwithstanding, Gibson never acknowledges whether Chase refunded each charge.  Even without consideration of the previous complaint, which enumerates the refunding of each charge, Gibson's self-servingly inconsistent and muddied explanation of the insurance charges lacks coherence or plausibility.  The notion that Chase never refunded one of the charges for force-placed flood insurance is apparently a recent construct.  Gibson attached to the first complaint a letter from Chase, written after each event described in the second amended complaint, that cancels force-placed insurance.  Gibson entered the letter into the record earlier; he cannot ignore the letter now.  *See Warner Bros. Entm't, Inc. v. X One X Prod.*, 644 F.3d 584, 592 n.3 (8th Cir. 2011).

In any event, although the second amended complaint alleges an enjoinable wrong sufficient to establish Gibson's standing, the second amended complaint fails to allege facts establishing that Gibson suffers damages.  Gibson tacitly concedes this failure.  With his response to the motion to dismiss, Gibson submits an accountant's calculation of Gibson's "economic loss," in which calculation the accountant identifies $76.27, a sum of interest that allegedly accrued on flood insurance premiums paid by, but refunded to, Gibson.  *See Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007).  Tellingly, neither the accountant nor Gibson identifies a discrete loss besides the $76.27 in interest mentioned for the first time in the accountant's affidavit.

Without a plausible assertion of damage (again, the complaint never mentions lost interest), the breach of contract claim and breach of the duty of good faith and fair dealing claim each fail. *Marseilles Capital, LLC v. Gerova Fin. Group, Ltd.*, 784 F.Supp.2d 1349, 1351 (S.D. Fla. 2011) (Cohn, J.); *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F.Supp.2d 1350, 1359 (M.D. Fla. 2007) (Whittemore, J.); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315-17 (11th Cir. 1999).

Gibson's contract claims fail also on another ground. The mortgage requires Gibson to send Chase pre-suit notice, in writing, of an alleged breach of the mortgage and to afford Chase "a reasonable period" after the notice "to take corrective action." In his response to Chase's previous motion to dismiss, Gibson argues that his sending proof of flood insurance coverage to Chase satisfies the written notice requirement. (Doc. 48 at 5) By raising the proofs of flood insurance as a substitute for proper written notice alleging a breach of the mortgage, Gibson in effect admits that he never sent a proper written notice. Stating only that "all conditions precedent . . . have been performed," the second amended complaint never alleges facts showing that Gibson wrote Chase to assert a breach of the mortgage.

Gibson argues that sending Chase notice of an alleged breach would achieve nothing because Chase's contract with the flood insurer requires Chase to accept kickbacks and therefore prevents Chase from correcting the breach that Gibson alleges. But Gibson's first two complaints sue Chase almost exclusively for force-placing flood insurance greater than the National Flood Insurance Act's required

minimum.  Gibson appears confused about why he sues.  Receiving no notice before this suit, Chase lost an opportunity to dissolve Gibson's confusion without the expense of fighting in court.  Gibson contractually agreed to provide Chase with notice, and Gibson deprived Chase of notice.  With the pressure and the acrimony of litigation absent, notice could have facilitated explanation and resolution – if presented a chance.

Gibson never questions the validity of the mortgage.  Chase's alleged wrong arises from Chase's alleged abuse of the contractual privilege to force-place insurance.  In consequence, this action permits no equitable claim for unjust enrichment.  *See Rushing v. Wells Fargo Bank, N.A.*, 752 F.Supp.2d 1254, 1265 (M.D. Fla. 2010) (Bucklew, J.).  The claim for conversion (another attempt to circumvent the parties' contract) fails because Gibson identifies no specific, separate money that Chase bears an obligation to pay.  *See Gasparini v. Pordomingo*, 972 So.2d 1053, 1055-56 (Fla. 3d DCA 2008).

Gibson demands both money and equitable relief under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201-.213, Florida Statutes. Because Gibson fails to allege damages, the claim for money fails.  *See City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th DCA 2008).  (Because FDUTPA limits a private individual to equitable relief and to "actual damages," Gibson errs by seeking a civil penalty under Sections 201.2075 and 201.2077.  *See Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 1357 (S.D. Fla. 1999)

(Ryskamp, J.); 10A Fla.Jur. 2d Consumer Protection § 172 (2012).) On the other hand, Gibson plausibly alleges that he suffers from Chase's repeated attempts to subject Gibson to an unfair and deceptive act, the force-placement of flood insurance from which Chase enjoys a gratuitous and secret commission. Hence, the claim for equitable relief under FDUTPA may proceed.

The motion (Doc. 79) to dismiss is **GRANTED IN PART**. Gibson's breach of contract and breach of the duty of good faith and fair dealing claims are **DISMISSED WITHOUT PREJUDICE**. However, by **April 13, 2012**, in a paper of eight or fewer pages Gibson shall **SHOW CAUSE** why the contract claims should not suffer dismissal with prejudice because of Gibson's failure to comply with the pre-suit notice provision in the mortgage. Chase may respond in a paper of eight or fewer pages by **April 27, 2012**. Gibson's unjust enrichment, conversion, and monetary FDUTPA claims are **DISMISSED WITH PREJUDICE**. The claim for a declaratory judgment and an injunction under FDUTPA proceeds. Gibson may submit a third (and final) amended complaint by **April 20, 2012**.

ORDERED in Tampa, Florida, on April 2, 2012.

_Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE